IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CARBONYX, INC.,** | § | **Case No. 20-40494** |
| | § | |
| Debtor. | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION, MODIFYING SECOND AMENDED CHAPTER 11 PLAN BY SUNSHINE PROPONENTS AND FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION BY RANGO PROPONENTS [RELATED TO DOCKET NO. 302-1]**

**THIS MATTER** came before the Court for hearing on August 4, 2021 at 1:30 .m. (C.T.) (the "Confirmation Hearing") to consider confirmation of the *First Amended Joint Chapter 11 Plan of Reorganization, Modifying Second Amended Chapter 11 Plan By Sunshine Proponents and Fourth Amended Chapter 11 Plan of Reorganization by Rango Proponents* (Docket No. 302-1) (the "Joint Plan"), filed by Frank Rango, Bhavna Patel, River Partners 2012-CBX LLC, C6 Ardmore Ventures, LLC, RCG LV Pearl LLC and Harmir Realty Co. LP (collectively, the "Rango Proponents") and Evan L. Shaw and Sunshine Recycling, Inc. (collectively, the "Sunshine Proponents," and with the Rango Proponents, the "Joint Proponents"). This Court, having considered the Joint Plan and the evidence presented at the Confirmation Hearing, including the proffers, statements and representations of counsel, and pursuant to Federal Rule of Civil Procedure 52(a)(1), as incorporated by Bankruptcy Rule 7052, issued its oral ruling on the record at the Confirmation Hearing and in accordance with the Court's ruling on the record, makes the following findings of fact and conclusions of law:

**Findings and Conclusions / Judicial Notice**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The Court takes judicial notice of the docket in this chapter 11 case, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of this chapter 11 case.

**Jurisdiction and Venue**

C. On February 18, 2020 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

D. Confirmation of the Joint Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). This Court has exclusive jurisdiction to determine whether the Joint Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and this Court's exercise of such jurisdiction to enter a final order with respect thereto is proper in all respects.

E. No statutory committees have been appointed in this case.

F. On November 4, 2020, the United States Trustee appointed Linda S. Payne as Chapter 11 Trustee in this case [Docket No. 186].

**Voting and Consent to Modification**

G.    Votes to accept or reject the Joint Plan have been solicited with proper and sufficient notice and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and, as applicable, the local rules.

H.    All creditors were provided with proper and sufficient notice of the Joint Modification to Chapter 11 Plans (the "Modification") [Docket No. 302] and the Joint Plan. Further, all creditors whose treatment changed as a result of the Modification and the Joint Plan have consented to that changed treatment.

**Burden of Proof**

I.    The Joint Proponents have the burden of proving the elements of section 1129(a) (and if applicable, section 1129(b)) of the Bankruptcy Code by a preponderance of the evidence and they have met that burden as further found and determined herein.

**Compliance with Sections 1123 and 1129 of the Bankruptcy Code**

J.    Section 1129(a)(1) – Plan's Compliance with the Bankruptcy Code. The Joint Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including, without limitation, sections 1122 and 1123 of the Bankruptcy Code.

K.    Sections 1122(a) and 1123(a)(1)-(4). The Joint Plan satisfies sections 1122(a) and 1123(a)(1) of the Bankruptcy Code and designates separate Classes of Claims, and each Class contains Claims that are substantially similar to the other Claims within that Class. The Joint Plan satisfies sections 1123(a)(2) through (4) of the Bankruptcy Code by specifying the treatment of each Class that is impaired, and by providing the same treatment for each Claim within a particular Class.

L.  Section 1123(a)(5). The Joint Plan and various documents set forth therein or incorporated by reference provide adequate means for the Joint Plan's implementation, including, *inter alia*: (i) the establishment of the Plan Reserve, (ii) the requirement of the Sunshine Payment, (iii) the Payment Confirmation requirement, and (iv) the required execution of the IP License. Accordingly, the Joint Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

M.  Sections 1123(a)(6) – (a)(8). Pursuant to section 1123(a)(6) of the Bankruptcy Code, the charter of the Reorganized Debtor will prohibit the issuance of nonvoting equity securities. The Joint Plan satisfies section 1123(a)(7) of the Bankruptcy Code, because its provisions are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Joint Plan and any successor to such officer, director, or trustee. Section 1123(a)(8) does not apply, because the Debtor is not an individual.

N.  Section 1123(b). The provisions of the Joint Plan comply with, and are not inconsistent with, the applicable provisions of the Bankruptcy Code, including section 1123(b). Among other items, the Joint Plan identifies and impairs or, as applicable leaves unimpaired, each Class of Claims pursuant to section 1123(b)(1), and it provides pursuant to section 1123(b)(2) for the assumption and assignment, or rejection, of the Debtor's previously unrejected executory contracts and unexpired leases. Pursuant to section 1123(b)(6) of the Bankruptcy Code, the Joint Plan contains other customary provisions that are consistent with the Bankruptcy Code, including: (i) provisions governing Distributions on account of Allowed Claims; (ii) procedures for resolving Disputed Claims; (iii) provisions regarding the modification of the Joint Plan; and (iv) provisions for the retention of jurisdiction by this Court

with respect to certain matters listed in Article XII of the Joint Plan. The failure to specifically address a provision of the Bankruptcy Code in this Confirmation Order shall not diminish or impair the effectiveness of this Confirmation Order.

O. <u>Bankruptcy Rule 3016(a)</u>. The Joint Plan is dated and identifies the entities submitting the Joint Plan as the Joint Proponents, thereby satisfying Bankruptcy Rule 3016(a).

P. <u>Section 1129(a)(2) – Plan Proponents' Compliance with the Bankruptcy Code</u>. The Joint Proponents have complied with the applicable provisions of the Bankruptcy Code. The Joint Proponents are proper proponents of the Joint Plan and have solicited acceptances of the Joint Plan in accordance with the requirements of section 1125 of the Bankruptcy Code, the Bankruptcy Rules, and, as applicable, the Local Rules.

Q. <u>Section 1129(a)(3) – Joint Plan Proposed in Good Faith</u>. The Joint Proponents have proposed and solicited the Joint Plan in good faith and not by any means forbidden by law. The Joint Plan is the result of extensive good faith, arm's-length negotiations between the Rango Proponents and the Sunshine Proponents and, as evidenced by strong creditor support for the Joint Plan, achieves the goals broadly embodied in the Bankruptcy Code. Therefore, the Joint Plan complies with section 1129(a)(3) of the Bankruptcy Code.

R. <u>Section 1129(a)(4) – Payment for Services</u>. Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with this chapter 11 case, or in connection with the Joint Plan and incident to these chapter 11 cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

S. <u>Section 1129(a)(5) – Identity of Management</u>. In accordance with section 1123(b)(3)(B) of the Bankruptcy Code, the Proponents sufficiently identified or have committed

5

to identify by the Effective Date the management of the Reorganized Debtor. Therefore, the Joint Plan complies with section 1129(a)(5) of the Bankruptcy Code.

  T. <u>Section 1129(a)(6) – No Rate Changes</u>. The Joint Plan does not involve the establishment of rates over which any regulatory commission has or will have jurisdiction after confirmation. Therefore, section 1129(a)(6) of the Bankruptcy Code does not apply to the Joint Plan.

  U. <u>Section 1129(a)(7) – Best Interests of Creditors</u>. With respect to each impaired Class of Claims, each Holder in such Class has either accepted the Joint Plan or will receive or retain under the Joint Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code. Therefore, the Joint Plan complies with section 1129(a)(7) of the Bankruptcy Code.

  V. <u>Section 1129(a)(8) – Acceptance by Certain Classes</u>. The following Classes are impaired and, as indicated in the Ballot Tally at Docket No. 303, such Classes have accepted the Joint Plan because pursuant to section 1126(c) of the Bankruptcy Code more than one-half (1/2) of the number and at least two-thirds (2/3) of the dollar amount actually voting have accepted the Joint Plan: Class 3 (Evan Shaw Claim) and Class 4 (Rango Proponents' Claims). Class 1 (Secured Claims) and Class 2 (Other Priority Claims) are not impaired and were deemed to accept the Joint Plan. Class 5 (General Unsecured Claims) is impaired but no votes in that class were received. Class 6 (Equity Interests) is impaired and does not receive or retain any property under the Joint Plan on account of such Interests. Accordingly, Class 6 is deemed to reject the Joint Plan pursuant to section 1126(g) of the Bankruptcy Code. Nevertheless, the Joint Plan is confirmable because it satisfies section 1129(b)(1) of the Bankruptcy Code.

W. <u>Section 1129(a)(9) – Treatment of Administrative Claims and Other Priority Claims</u>. The treatment of Administrative Claims and Other Priority Claims pursuant to the Joint Plan satisfies the requirements of sections 1129(A)(9)(A) and (B) of the Bankruptcy Code.

X. <u>Section 1129(a)(10) – Acceptance by One Impaired Class</u>. The Joint Plan has been accepted by Class 3 and Class 4, each of which is impaired under the Joint Plan. Because at least one impaired Class of Claims has accepted the Joint Plan, determined without including any acceptance of the Joint Plan by any insider, the Joint Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

Y. <u>Section 1129(a)(11) – Feasibility</u>. Confirmation of the Joint Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor of the Debtor under Joint Plan. Therefore, the Joint Plan complies with section 1129(a)(11) of the Bankruptcy Code.

Z. <u>Section 1129(a)(12) – Payment of Fees</u>. All fees payable under 28 U.S.C. § 1930 will be paid by on the earlier of when due or the Effective Date, or as soon thereafter as practicable by Sunshine. Therefore, the Joint Plan complies with section 1129(a)(12) of the Bankruptcy Code.

AA. <u>Section 1129(a)(13) – Retiree Benefits</u>. The Debtor does not sponsor or provide any retiree benefit plans within the meaning of section 1114 of the Bankruptcy Code. Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Joint Plan.

BB. <u>Section 1129(a)(14) – Domestic Support Obligations</u>. The Debtor is not required to pay any domestic support obligations. Accordingly, section 1129(a)(14) of the Bankruptcy Code is not applicable to the Joint Plan.

CC. Section 1129(a)(15) – Debtor is Not an Individual. The Debtor is not an individual. Accordingly, section 1129(a)(15) of the Bankruptcy Code is not applicable to the Joint Plan.

DD. Section 1129(a)(16) – Transfers. The Debtor is a moneyed, business, or commercial corporation or trust, and therefore, section 1129(a)(16) of the Bankruptcy Code is not applicable to the Joint Plan.

EE. Section 1129(b) – Cramdown. This Court, having considered the evidence presented at the Confirmation Hearing by the Joint Proponents, confirms the Joint Plan under section 1129(b) of the Bankruptcy Code notwithstanding the lack of votes for or against the Joint Plan by Class 5 (General Unsecured Claims) and the deemed rejection of the Joint Plan by Class 6 (Equity Interests), because the Joint Plan does not unfairly discriminate against, and is fair and equitable with respect to the Holders of Claims in Class 5 and Class 6 since, among other possible reasons, (i) to the extent any Holder of a Claim in Class 5 holds an Allowed Claim, that Holder will be treated equally with any other Holders in such class, (ii) no holder of any interest that is junior to the Claims in Class 5 will receive or retain any property under the Plan, and (iii) no Holder of a Claim in Class 5 or Class 6 objected to the Joint Plan.

FF. Section 1129(c) – Only One Plan. The Joint Plan is the only plan confirmed in this chapter 11 case, and therefore, the Joint Plan and this Confirmation Order comply with section 1129(c) of the Bankruptcy Code.

GG. Section 1129(d) – Principal Purpose of Joint Plan. The principal purpose of the Joint Plan is not the avoidance of taxes or the avoidance of application of Section 5 of the Securities Act of 1933, as amended. Therefore, the Joint Plan complies with section 1129(d) of the Bankruptcy Code.

HH. <u>Section 1129(e) – Small Business Case</u>. This chapter 11 case is not a small business case within the meaning of the Bankruptcy Code. Accordingly, section 1129(e) of the Bankruptcy Code is inapplicable to this chapter 11 case.

II. <u>Assumption and Rejection of Contracts</u>. Article VIII of the Joint Plan governing the assumption and assignment or the rejection of executory contracts and unexpired leases satisfies the requirements of sections 365(a), 365(b) and 365(f) of the Bankruptcy Code.

JJ. <u>Releases and Exculpation</u>. All releases, injunctions, exculpations, settlements and compromises embodied in the Joint Plan, and the distributions and rights provided thereunder, are an integral part of the Joint Plan. Pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpations, and injunctions set forth in the Joint Plan are fair, equitable, reasonable and in the best interests of the Debtor, the Estate and creditors, and such provisions: (i) fall within the jurisdiction of this Court under 28 U.S.C. §§ 1334(a), (b) and (d); (ii) are essential means of implementing the Joint Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (iii) are important to the overall objectives of the Joint Plan to finally resolve all Claims among or against the parties in interest in the Bankruptcy Case, except to the extent otherwise provided in the Joint Plan; and (iv) are consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code.

KK. <u>Section 1125(e) – Good Faith Solicitation</u>. The Joint Proponents have complied with section 1125(e) in transmitting the solicitation materials and in soliciting and tabulating the vote and, as applicable, consent forms.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Joint Plan, attached hereto as **EXHIBIT A**, is **CONFIRMED** and **APPROVED** in all respects.

2. The Findings of Fact and Conclusions of Law set forth above shall constitute findings of fact and conclusions of law of this Court pursuant to Federal Rule of Civil Procedure 52(a)(1), as incorporated by Bankruptcy Rule 7052. To the extent any finding of fact later shall be determined to be a conclusion of law it shall be so deemed, and to the extent of any conclusion of law shall be determined to be a finding of fact it shall be so deemed.

3. Notice was adequate and sufficient under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and Orders of this Court, and the Due Process Clause of the United States Constitution.

4. <u>Effective Date</u>. The Effective Date of the Joint Plan shall be on the first Business Day thirty (30) days after this Confirmation Order is entered, on which all conditions to the effectiveness of the Joint Plan, as set forth in Article X, have been satisfied or waived.

5. <u>Binding Effect</u>. The Joint Plan and its provisions shall be binding on the Debtor, the Reorganized Debtor, Sunshine, any entity acquiring or receiving property or a distribution under the Joint Plan, and any creditor of or holder of an Equity Interest in the Debtor, including all governmental entities, whether or not the Claim of such creditor or the Equity Interest of such holder is disallowed, extinguished or impaired under the Joint Plan; or whether or not such creditor or Equity Interest holder has accepted the Joint Plan.  However, nothing in this Confirmation Order or the Joint Plan discharges, releases, precludes, or enjoins any liability to a Governmental Unit on the part of any non-debtor. Nothing in this Confirmation Order or the Joint Plan shall affect any valid right of setoff or recoupment of any Governmental Unit.

6. <u>Rejection of Executory Contracts and Unexpired Leases</u>. Pursuant to sections 105, 363, 365 and 1123(b)(2) of the Bankruptcy Code, and pursuant to Article VII of the Joint Plan, any and all Executory Contracts and Unexpired Leases not assumed by the Debtors (other than

executory contracts of unexpired leases related to the Debtors' insurance policies) on or before the Effective Date or by order of the Court are **REJECTED**, other than **all** intellectual property, including but not limited to the Debtor's license agreements and all developed, acquired, granted and pending patents, shall be deemed assumed by the Reorganized Debtor. Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such assumptions, and assumptions and assignments, pursuant to sections 365(a) and 1123 of the Bankruptcy Code. For the avoidance of doubt, and to the extent executory, on the Effective Date, **all** intellectual property, including but not limited to the Debtor's license agreements and all developed, acquired, granted and pending patents, shall be deemed assumed by the Reorganized Debtor. For the avoidance of doubt, the Amended and Restated Royalty Stream Purchase Agreement by and between Carbonyx, Inc. and Carbonyx License & Lease LLC dated as of April 30, 2012, which is currently property of the Debtor's Estate, shall vest in and become property of the Reorganized Debtor on of the Effective Date. No contract may be assumed that has expired by its own terms or been terminated prior to the Confirmation Date.

7. <u>Exemption from Transfer Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, to the extent applicable, any transfers from the Debtor to any other Entity or Person pursuant to this Joint Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment.

8. <u>Corporate Action / General Authorizations</u>. All matters provided for under the Joint Plan involving any corporate action to be taken by, or required of, the Debtor, shall be deemed to have occurred and be effective as provided in the Joint Plan, and shall be authorized and approved in all respects without any requirement for further action by the stockholders,

11

directors, members, or partners of any such entities. Notwithstanding the foregoing, the Reorganized Debtor shall be authorized to the extent necessary or advisable to execute, deliver, file, or record such contracts, instruments, settlement agreements, releases, indentures, and other agreements or documents and to take or direct such actions as may be necessary or appropriate on behalf of the Debtor to effectuate and further evidence the terms and conditions of the Joint Plan.

9. <u>Further Actions</u>. The approvals and authorizations specifically set forth in this Order are nonexclusive and are not intended to limit the authority of the Rango Proponents, Sunshine, or the Reorganized Debtor to take any actions necessary or appropriate to implement, effectuate and consummate the Joint Plan, this Order and the transactions contemplated thereby, all without further application to, or order of, this Court unless such documents specifically require the approval and order of this Court with respect to the specific action or transaction to be taken or effectuated.

10. <u>Plan Documents</u>. The documents attached to the Joint Plan, together with any agreed-upon amendments, modifications and supplements thereto, are authorized and approved.

11. <u>Preservation of Causes of Action / Defenses</u>. No claims or causes of action other than objections to claims are being preserved under the Joint Plan.  In accordance with section 1123(b)(3) of the Bankruptcy Code, nothing in this Order or the Joint Plan shall be deemed to waive, abandon, relinquish, impair, or otherwise prejudice any claims, objections, defenses, including any rights of setoff or recoupment, that the Debtor or the Estate may have, and the Debtor and the Estate will retain and may (but shall not be required to) enforce all such claims, objections, or defenses in connection with Disputed Claims.  Following the Effective Date, the Reorganized Debtor shall retain all rights under sections 541, 542, and 543 of the Bankruptcy

Code and Rule 2004 of the Bankruptcy Rules, subject to the releases contained in the Settlement Agreement.

12. <u>Dissolution of Directors and Officers</u>. To the extent the Founders or any other person including the Interim Management do hold any directorial, officer or any other positions with the Debtor after the Petition Date, their terms shall expire as of the Effective Date, and the Founders or any other person including the Interim Management shall be deemed discharged from any positions the Founders or any other person including the Interim Management hold with the Debtor.

13. <u>New Organizational Documents</u>. On or prior to the Effective Date or as soon thereafter as is practicable, the Reorganized Debtor shall, if so required under applicable state law, file its new organizational documents with the applicable Secretaries of State and/or other applicable authorities in its state of incorporation in accordance with the corporate laws of the state of incorporation. The Reorganized Debtor shall file a Certificate of Amendment of Certificate of Incorporation with Delaware Division of Corporations on or before the Effective Date of the Joint Plan, amending the articles of incorporation to reflect that the name of the Reorganized Debtor shall be named "CRBNX License & Lease Inc."

14. <u>No Liability for Solicitation or Participation</u>. The Court having found that the Joint Proponents solicited the Joint Plan in good faith, the Joint Proponents shall be immune from liability to the fullest extent allowed by section 1125(e) of the Bankruptcy Code, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Joint Plan.

15. <u>Tax Returns</u>. The Reorganized Debtor shall timely file all tax returns as required by applicable state law and by 28 U.S.C. §§ 959(b) and 960. Any setoff rights available under

13

section 553 of the Bankruptcy Code to any Governmental Units are hereby expressly reserved for the benefit of such Governmental Units.

16. <u>Fees Under 28 U.S.C. § 1930</u>. All pre-Effective Date fees payable under 28 U.S.C. § 1930 will be paid by on the earlier of when due or the Effective Date, or as soon thereafter as practicable by Sunshine. After the Effective Date, US Trustee fees will continue to be paid until the closing of the Bankruptcy Case. Sunshine will be responsible for paying any US Trustee fees associated with disbursements Sunshine is responsible for under the Joint Plan, and the Rango Proponents will be responsible for paying any US Trustee fees associated with disbursements the Rango Proponents are responsible for under the Joint Plan. For the avoidance of doubt, the Sunshine Payment will not be considered a disbursement for purposes of accruing US Trustee fees. All parties reserve all rights, remedies, claims, and defenses regarding post-confirmation reporting and the calculation and payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6), and nothing in the Joint Plan, this Order, or any prior order of this Court shall be used in any way to impair, nor be deemed a waiver or determination of, any such rights, remedies, claims, and defenses.

17. <u>Compromise and Settlement</u>. Article XI. A. of the Joint Plan is hereby approved.

18. <u>Exculpation and Limitation of Liability</u>. Effective upon the Effective Date, the exculpation and limitation of liability provisions as specifically provided in Section XI. B. of the Joint Plan and the Settlement Agreement are hereby approved in their entirety and authorized as fair, equitable, reasonable and in the best interests of the Debtor, the Estate, and the Creditors.

19. <u>Third Party Release</u>. Effective upon the Effective Date, the release of the Released Parties as specifically provided in Section XI. B. of the Joint Plan and the Settlement

Agreement is hereby approved in its entirety and authorized as fair, equitable, reasonable and in the best interests of the Debtor, the Estate, and the Creditors.

20. <u>Debtor Release</u>.  Effective upon the Effective Date, the release of the Released Parties by the Debtors and the Estates as specifically provided in Section XI. B. of the Joint Plan and the Settlement Agreement is hereby approved in its entirety and authorized as fair, equitable, reasonable and in the best interest of the Debtor, the Estate, and the Creditors.

21. <u>Bar Date for Administrative Claims and/or Professional Fee Claims</u>. All requests for payment of an Administrative Claim and/or Professional Fee Claim must be filed with the Bankruptcy Court pursuant to customary applications by the date that is thirty (30) calendar days after the Effective Date. All objections to Administrative Claims and/or Professional Fee Claims are preserved herein.  If no objections are timely filed to any application for an Administrative Claim and/or Professional Fee Claim, the Bankruptcy Court may approve such applications without a hearing.

22. <u>Notice of Order and Effective Date</u>. Pursuant to Bankruptcy Rule 3020(c), the Joint Proponents shall serve notice of the entry of this Order, the occurrence of the Effective Date and any bar dates established by the Joint Plan pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors and parties in interest within five (5) business days of the entry of this Confirmation Order, and shall file proof of service.

23. <u>Retention of Jurisdiction</u>. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, this Court shall retain jurisdiction to the fullest extent permitted by law to interpret and enforce the provisions of the Joint Plan, this Order, and all other matters as set forth in the Joint Plan.

24. <u>Discharge</u>. On the Effective Date, and automatically, without need for further document, order, or action, the Debtor will be discharged of all Claims arising prior to the Effective Date pursuant to the provisions of section 1141(d) of the Bankruptcy Code.

25. <u>No Stay of Order</u>. This Order is a final order and shall be effective and enforceable immediately upon its entry and shall not be stayed pursuant to Bankruptcy Rule 3020(e), 6004(h), 6006(d), 7062, or otherwise.

26. <u>Failure to Reference</u>. The failure to reference a particular provision of the Joint Plan in this Order shall not affect the validity of enforceability of such provision. Each provision of the Joint Plan shall be deemed authorized and approved by this Order and shall have the same binding effect of every other provision of the Joint Plan, whether or not mentioned in this Order.

27. <u>Order of Controlling Documents</u>. To the extent there is any conflict between the terms of this Order with the Joint Plan, the terms of the Joint Plan, incorporating the terms of the Settlement Agreement and the IP License, shall control.

28. <u>Post Confirmation Report.</u> In accordance with Local Rule 2015-1(c), the Reorganized Debtor shall file (a) an initial post-confirmation report within sixty (60) days after the date of the entry of this Order, informing the Court of the post-confirmation actions taken by the Reorganized Debtor and the progress made toward consummation of the Joint Plan and (b) within 180 days after the date of entry of this Order, either an application for a final decree showing that the Joint Plan has been consummated with a proposed final decree or a subsequent post-confirmation report explaining why an application for final decree is not yet appropriate and requesting a continuance of any status conference previously scheduled.

**SO ORDERED.**

Signed on 8/11/2021

*Brenda T. Rhoades*  YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE